900 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES POSTAL SERVICE, Plaintiff-Appellee,
v.
The PROCESSING CENTER, INC.; Vaughn Management, Inc.; Joel
Vaughn; and John Lewis, Defendants-Appellants.
 No. 89-5859.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Processing Center and its management appeal the district court's granting of a preliminary injunction authorizing the Postal Service to detain the Processing Center's incoming mail pending the conclusion of a statutory administrative proceeding against the Processing Center. The proceeding alleges that the Processing Center used the mails to conduct a lottery and to receive money by means of false representations, in violation of 39 U.S.C. Sec. 3005. Because the administrative proceeding has been concluded in favor of the Postal Service during the pendency of this appeal, and because the conclusion of that proceeding removes the necessity for a preliminary injunction, we hold that this appeal has become moot.
 
 I.
 
 2
 The Processing Center operates in Nashville. It mails out hundreds of thousands of brochures, at random, to addresses across the country (but not within Tennessee). The mailings inform the recipient that he or she is "an award claim recipient in the PURADYNE CO. $1,000,000.00 National giveaway promotion!" The mailing continues:
 
 
 3
 We are required to give you notice that the control number listed on this award notification absolutely guarantees that you have a valid claim for one of the awards listed to the right. There is absolutely nothing to buy or purchase ... But you must call me immediately in order to validate your claim for one of these fabulous awards.
 
 
 4
 (Emphasis in original.)
 
 
 5
 The awards listed include a Ford Taurus, a $10,000 cashier's check, a $5,000 retail merchandise check or United States Savings Bond, and two round trip airfares. Each mailing had a control number. The designated prize for each recipient is predetermined by the selection of certain numbers before the mailings are sent out. Nearly everyone is designated a winner of the two round trip airfares.
 
 
 6
 The recipient who follows up on the mailing with a telephone call to the Processing Center is informed that the Center merely processes the claims in the giveaway program for Puradyne and has no idea which prize the caller might receive. The caller is told that in order to receive the award, it is necessary to send a (non-refundable) fee of $26.50 to the Processing Center for shipping, insurance and processing. To avoid the fee, the caller is told that he may claim his award in person at the Nashville offices of Puradyne. If he chooses that option, however, he must send a refundable fee of $12.50 to the Processing Center.
 
 
 7
 The telephone operators at the Processing Center read from a script which includes answers to frequently posed questions. In the course of describing the various awards, the operator states that the two airfares are for flights to Orlando, Florida. The operator also states that "[t]his is for airfare ONLY. You are responsible for hotel or motel stay."[1]
 
 
 8
 The airfare award is a travel incentive package from Venture Vacations, Inc., which gives the traveler two free airfares to Orlando on condition that he pay for a minimum of seven nights at one of several designated hotels and motels. The rates at the hotels and motels range from $54-$145 per night during the "low season" to $71-$160 per night during the "high season."
 
 
 9
 After receiving several complaints from recipients of the Puradyne giveaway mailings, the Postal Service began an investigation which led ultimately to its filing an administrative complaint on May 5, 1989 against the Processing Center, Vaughn Management, Inc. d/b/a Puradyne, and Joel Vaughn, president of the Processing Center and Vaughn Management, for use of the mail to conduct a lottery and to receive money by means of false representations. The complaint was later amended to add respondent John Lewis, secretary and treasurer of the Processing Center and Vaughn Management. A temporary restraining order was issued by the district court on May 8.
 
 
 10
 The Postal Service then moved for a preliminary injunction. On May 18 and 19, 1989, a preliminary injunction hearing was held before a magistrate. The district court subsequently adopted the magistrate's recommendation and issued a preliminary injunction, "pending the conclusion of the statutory administrative proceedings and any appeal therefrom," which authorized the Postal Service to hold all incoming mail of the defendants. Appellants appeal from that decision.
 
 
 11
 On August 14, 1989, the administrative law judge of the Postal Service received briefs on the Postal Service's complaint. On October 17, the administrative law judge rendered an opinion finding that appellants had violated both the lottery and false representation provisions of 39 U.S.C. Sec. 3005. The ALJ issued an order authorizing the Postal Service to forbid payment of any postal money orders drawn to the orders of appellants and to hold all mail addressed to appellants. The ALJ also issued a cease and desist order prohibiting appellants from conducting a lottery and from making false representations.
 
 II.
 
 12
 The administrative law judge's ruling has rendered this appeal moot. That decision was issued after the writing of the briefs in this case. By authority of the ALJ's ruling, the Postal Service may hold appellants' mail during the pendency of any further appeal of that decision. The preliminary injunction issued by the district court in this case is thus superfluous. The order issued by the administrative law judge of the Postal Service on October 17, 1989, gives the Postal Service at least as much power to halt the Processing Center's mail operations as did the preliminary injunction issued by the district court.
 
 
 
 [1]
 A later version of the script states: "We take care of airfare ONLY. You are responsible for your own accommodations at you choice of designated motels."